RICHARD R. PATCH (State Bar No. 88049)
ef-rrp@cpdb.com
SCOTT C. HALL (State Bar No. 232492)
ef-sch@cpdb.com
KATHARINE VAN DUSEN (State Bar No. 276021)
ef-ktv@cpdb.com
PHILIP D. W MILLER (State Bar No. 280537)
ef-pdm@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Defendant
COX COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| DAVID EHRMAN, individually and on behalf of all others similarly situated, Plaintiff, v. COX COMMUNICATIONS, INC. and DOES 1 through 25, inclusive, Defendants. | Case No.<br><br>Superior Court Case No. 30-2018-00992300-CU-MC-CXC<br><br>**NOTICE OF REMOVAL OF DEFENDANT COX COMMUNICATIONS, INC.** |
|---|---|

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Defendant Cox Communications, Inc. ("Defendant"), together with Cox Communications California, LLC (Plaintiff's actual service provider) (collectively "Cox")[1] file this Notice of Removal of this action from Orange County

---

[1] Plaintiff names Cox Communications, Inc. as the defendant in this action. However, Cox Communications California, LLC is the corporate entity that provides Cox services to Plaintiff and other subscribers in California. Because the
(footnote continued)

08277.055 4847-5294-2695.1            1
**NOTICE OF REMOVAL OF DEFENDANT COX COMMUNICATIONS, INC.**

Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1332(d)(2)(A), 1441 and 1446.

## INTRODUCTION

1. On or about May 9, 2018, Plaintiff David Ehrman filed a putative class action in the California Superior Court for the County of Orange, Case No. 30-2018-00992300-CU-MC-CXC (the "state court action"). A true and correct copy of Plaintiff's original complaint in the state court action (the "Complaint") is attached as **Exhibit A**.

2. On May 25, 2018, Defendant was personally served through its registered agent for service of process with copies of the Complaint, summons, and other case initiating documents filed in the state court action. True and correct copies of all process and pleadings served upon Defendant are attached as **Exhibits A-C**.

3. Defendant has filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).[2]

4. **Jurisdiction**. As explained below, this is a civil putative class action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and/or the

---

claims raised by Plaintiff arise from or relate to Internet services offered or provided to subscribers in California (and because the purported class consists of California subscribers), Defendant believes that Cox Communications California, LLC is the proper defendant in this action, and that the Complaint should be amended to replace Cox Communications, Inc. with Cox Communications California, LLC. In any event, the replacement and addition of Cox Communications California, LLC is irrelevant to issues pertaining to removal of the action and, where applicable, facts relevant to removal for both entities are addressed herein.

[2] On June 19, 2018, Defendant was served with a First Amended Class Action Complaint ("FAC") filed in the state court action. A true and correct copy of the FAC is attached hereto as **Exhibit D**. Because this action is removable based on the allegations of the original Complaint, this Notice of Removal is made within the time period for removal based on service of the original Complaint and is based on the allegations set forth in the original Complaint. The allegations of the FAC do not alter any grounds for removal contained in the original Complaint.

08277.055 4847-5294-2695.1

2

**NOTICE OF REMOVAL OF DEFENDANT COX COMMUNICATIONS, INC.**

Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2). All of the requirements for diversity jurisdiction under CAFA are satisfied in this case: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of at least one Defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. Additionally, because all proposed class members are citizens of California, and the Cox entities are citizens of Delaware and Georgia, there is complete diversity, such that jurisdiction is independently proper under § 1332(a).

5. In accordance with 28 U.S.C. § 1446(d), Defendant is filing with the Orange County Superior Court, and serving on Plaintiff, a Notice of Filing of Removal of Action. A true and correct copy of that notice is attached hereto as **Exhibit E**.

I. ALLEGATIONS OF THE COMPLAINT.

6. In the Complaint, Plaintiff alleges as follows:[3] Defendant provides, among other things, residential Internet services to Plaintiff and other consumers in California. (Exhibit A, ¶ 4.) Defendant allegedly offers consumers a variety of Internet speed plans, charging prices based on different "tiers" of Internet connection speed. (*Id.*, ¶ 8.) Defendant's advertisements allegedly typically, but not always, identify an Internet connection speed "up to" that which a subscriber may expect to receive service. (*Id.*, ¶ 10.) Defendant allegedly misled Plaintiff and similarly situated consumers by promising to deliver residential Internet service at speeds consumers could rarely, if ever, achieve. (*Id.*, ¶ 7.)

7. Based on the foregoing, Plaintiff alleges causes of action for fraud; violation of the False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); violation of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*);

---

[3] Any allegation recited by Cox herein is not intended to be, and should not be construed as, an admission of the truth of any allegation in the Complaint.

violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.); and restitution and unjust enrichment. (Exhibit A, ¶¶ 27-62.)[4]

8. Plaintiff brings these claims on behalf of himself and a purported class of "all consumers in California who paid for Defendants' residential Internet services within four years from the date this action was filed [May 9, 2014 – May 9, 2018]." (Exhibit A, ¶ 16.)

9. In his Prayer for Relief, Plaintiff seeks, among other things, injunctive and declaratory relief, restitution and disgorgement, an award of "actual and punitive damages," and litigation costs and attorneys' fees. (Exhibit A, 15: 4-11.)

## II. THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS.

10. Plaintiff admits that "there are at least tens of thousands of putative class members." (*Id*., ¶ 17.)

11. According to Cox's business records, as of May 9, 2018, Cox had over 832,000 residential Internet subscribers in California. (Declaration of Yvonne Hayes In Support of Defendant's Notice of Removal, filed concurrently herewith ("Hayes Decl.") ¶ 5.)

## III. MINIMAL DIVERSITY EXISTS BETWEEN THE PARTIES.

12. As admitted in the Complaint, Plaintiff is a resident of California. (Exhibit A, ¶ 3.) Defendant is informed and believes, and on that basis alleges, that Plaintiff is a citizen of the state in which he resides, as alleged in the Complaint.

13. Defendant is informed and believes, and on that basis alleges, that all purported class members are citizens of California, as alleged in the Complaint. (Exhibit A, ¶ 16.)

///

---

[4] The FAC adds an additional cause of action for "Declaratory and Injunctive Relief" based on the same alleged conduct giving rise to Plaintiff's other causes of action. (Ex. F at 15, ¶¶ 63-67.)

1    14.    At the time this action was filed, and at the time of the filing of this Notice, Defendant Cox Communications, Inc. was and still is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business was and still is Atlanta, Georgia. (Hayes Decl. ¶ 2.) Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Cox Communications Inc. is a citizen of Delaware and Georgia.

15.    At the time this action was filed, and at the time of the filing of this Notice, Cox Communications California, LLC was and still is a limited liability company organized and existing under the laws of the State of Delaware, and its principal place of business was and still is Atlanta, Georgia. (Hayes Decl. ¶ 2.) For purposes of diversity jurisdiction, the citizenship of a limited liability company is that of each of its members. *Johnson v. Columbia Properties Anchorage*, *LP,* 437 F.3d 894, 899 (9th Cir. 2000). The sole member of Cox Communications California, LLC is CoxCom, LLC, which, at the time the action was filed, and at the time of the filing of this Notice, was and is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Atlanta Georgia. (Hayes Decl. ¶ 2.) The sole member of CoxCom, LLC is Defendant Cox Communications, Inc. (*Id.*) Accordingly, Cox Communications California, LLC is a citizen of Delaware and Georgia.[5]

16.    Under 28 U.S.C. § 1332(d)(2)(A), a class action is subject to removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

///

---

[5] Some courts, including the Fourth Circuit, analyze citizenship of an LLC for purposes of CAFA like that of a corporation, by assessing its principal place of business and place of incorporation. *Ferrell v. Express Check Advance of S.C., LLC,* 591 F.3d 698, 705 (4th Cir. 2010). Under this test, Cox Communications California, LLC is a citizen of Delaware and Georgia.

17. Based on the foregoing, there is complete, and also minimal, diversity between the parties.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION IN THE AGGREGATE.

18. Under 28 U.S.C. § 1332(d)(2), an action is removable under CAFA only where "the matter in controversy exceeds the sum or value of $5,000,000 . . .." The "amount in controversy" for a class action being removed under CAFA is based on the *aggregated* claims of the entire class or classes, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Where no specific amount is stated, the Court "must assume that the allegations of the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.*, citing *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).

19. When it is unclear from the face of a state court complaint whether the requisite amount in controversy is pled, the removing defendant only needs to make a "plausible allegation" that the amount in controversy exceeds $5 million. *Dart Cherokee Operating Basin Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). A removing defendant need not submit any evidence with the notice of removal in support of those allegations. *Id.* While Cox does not admit or accept the truth of the claims alleged in the Complaint, and denies that Plaintiff – or any putative class members – are entitled to any monetary (or other) relief, the amount in controversy according to the allegations of the Complaint satisfies the jurisdictional threshold under 28 U.S.C. § 1332(d)(2). Although the Complaint does not specify the total amount in controversy, assuming for purposes of this Notice of Removal that the allegations of the Complaint are true, it is clear that more than $5 million has been put in controversy.

20.  For his statutory causes of action (two, three, and four), and the purported cause of action for restitution and unjust enrichment (five), Plaintiff seeks "restitution that will restore the full amount of their [purported class members'] money or property; [and] disgorgement of Defendants' relevant profits and proceeds." (*Id.*, ¶¶ 39, 45, 56, 62.)

21.  The Complaint describes a number of Internet speed packages offered by Cox, the lowest of which is "'Essential 30,' which promises speeds of up to 30 mpbs [megabits per second]." (*Id.*, ¶ 8.)

22.  In May 2018, the monthly fee for the "Essential 30" package was $63.99, while the monthly fee for that package in May 2014 was $47.99. (Hayes Decl. ¶¶ 6-7.) The lowest speed package offered by Cox during the relevant time period was the "Starter" package. (*Id.*) In May 2018, the monthly fee for the "Starter" package was $42.99, while the monthly fee for that package in May 2014 was $32.99. (*Id.*)

23.  Multiplying 832,000 California residential Internet subscribers by the lowest price offered for the lowest speed package during the relevant time period for even a single month ($32.99) results in a claimed restitution amount of over $27 million. Given that many subscribers, including Plaintiff, may have purchased packages with higher monthly fees and for more than one month, the amount in controversy is likely higher.

24.  Moreover, in addition to restitution, Plaintiff also seeks disgorgement of profits, attorneys' fees, and punitive damages. Because Plaintiff has prayed for these additional forms of relief, the amount in controversy calculated above actually understates the amount in controversy. *Rippee*, 408 F.Supp.2d at 984 (calculation of the amount in controversy takes into account claims for punitive damages and attorneys' fees if possibly recoverable as a matter of law).

///

///

# CONCLUSION

Because this case is removable pursuant to 28 U.S.C. §§ 1332(a) and (d), further proceedings in the action in the Superior Court for Orange County should be discontinued, and the action should be removed to the United States District Court for the Central District of California.

DATED: June 22, 2018              COBLENTZ PATCH DUFFY & BASS LLP


By:  */s/Richard R. Patch*
       Richard R. Patch
       Attorneys for Defendant
       COX COMMUNICATIONS, INC.