EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/09/2018** at 09:14:17 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   Jamin S. Soderstrom, Bar No. 261054
    **SODERSTROM LAW PC**
2   3 Park Plaza, Suite 100
    Irvine, California 92614
3   Tel:   (949) 667-4700
4   Fax:   (949) 424-8091
    jamin@soderstromlawfirm.com
5
6   *Counsel for Plaintiff and the Proposed Class*

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ORANGE

10

11  DAVID EHRMAN, individually and on behalf      Case Number: 30-2018-00992300-CU-MC-CXC
    of all others similarly situated,
12                                                           Judge William Claster
                                                  CX-102
13                  Plaintiff,                    **CLASS ACTION COMPLAINT**

14  v.

15  COX COMMUNICATIONS, INC. and DOES 1
    through 25,
16                                                **DEMAND FOR JURY TRIAL**

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                          1
─────────────────────────────────────────────────────────────

1    Plaintiff DAVID EHRMAN ("Plaintiff"), brings this action against Defendants COX
2 COMMUNICATIONS, INC., and DOES 1 through 25 (collectively, "Defendants"), and alleges as
3 follows:

### JURISDICTION & VENUE

5    1.    This action is brought by Plaintiff individually and on behalf of a class of similarly
6 situated consumers in California during the relevant time periods. The Court has general jurisdiction
7 over this action under Code Civ. Proc., § 410.10. The amounts of damages sought by Plaintiff exceed
8 the jurisdictional minimum and will be established according to proof at trial.

9    2.    Venue is proper under Code Civ. Proc., §§ 395 and 395.5, because one or more
10 Defendants resides in this county and because a substantial portion of the events forming the basis of
11 this action occurred in this county.

### PARTIES

13   3.    Plaintiff DAVID EHRMAN is a resident of California. Plaintiff is a consumer who has
14 in the past and currently receives and pays for residential Internet services from Defendants. Plaintiff
15 has purchased and continues to purchase Defendants' residential Internet services in reliance on
16 Defendants' advertisements and related statements concerning the speed, functionality, and reliability
17 of Defendants' residential Internet services. Plaintiff currently pays for Defendants' "Ultimate" Internet
18 service plan. Plaintiff and his family and friends typically connect to the Internet at Plaintiff's home
19 using multiple Internet-capable devices, most of which rely on a wireless or "WiFi" Internet connection.
20 Plaintiff and his family and friends perform numerous activities using Defendants' residential Internet
21 services, including using the Internet for work, social, educational, and entertainment purposes, and
22 downloading and uploading content and streaming videos. Plaintiff pays more money for higher speed
23 Internet services because he and his family want (and in some instances need) to achieve higher Internet
24 speeds than Plaintiff believes Defendants' plans that promise lower Internet speeds will provide.

25   4.    Defendant COX COMMUNICATIONS, INC. is a corporation doing business in
26 California. COX COMMUNICATIONS, INC. provides, among other things, residential Internet
27 services to Plaintiff and other consumers in California.

28

CLASS ACTION COMPLAINT

1    5.    Plaintiff does not know the true names or capacities, whether individual or corporate, of

2    defendants sued as DOES 1 through 25 and, for that reason, sues such defendants under fictitious names.

3    Plaintiff is informed and believe that each DOE defendant was responsible in some respect for the

4    violations alleged herein and proximately caused Plaintiff and other similarly situated consumers to be

5    subject to unlawful and unfair business practices and to suffer harm. Plaintiff will seek leave to amend

6    as and when the true names and capacities of each DOE defendant become known.

7                                **FACTUAL ALLEGATIONS**

8    6.    Defendants do business in California. Their business is focused on, among other things,

9    providing Internet services to consumers in California.

10    7.    For years and continuing through the present day, Defendants have defrauded and misled

11    Plaintiff and similarly situated consumers by promising to deliver residential Internet service at speeds

12    that Defendants knew they could not reliably deliver and that consumers could rarely, if ever, achieve.

13    Defendants also falsely promised residential Internet services with "no contract." Defendants'

14    fraudulent misrepresentations and material omissions have secured for them many millions of dollars

15    of consumers' money in exchange for Internet services Defendants never delivered.

16    8.    Defendants advertise and sell residential Internet services based on the Internet speeds

17    consumers can expect to achieve. Defendants classify their Internet speeds based on the number of

18    "megabits per second" ("mbps") consumers can expect to download or upload using Internet-capable

19    equipment such as desktop computers or Internet-capable devices such as laptop computers,

20    smartphones, and tablets. Defendants offer consumers a variety of Internet speed plans, including:

21    "Essential 30," which promises speeds of up to 30 mpbs; "Preferred," which promises speeds of up to

22    100 mbps; "Premier," which promises speeds of up to 150 mbps; "Ultimate," which promises speeds of

23    up to 300 mpbs; and "Gigablast," which promises speeds of up to 1000 mbps. The more speed

24    Defendants promise to consumers, the more expensive Defendants' services are to consumers.

25    Defendants also sell certain Internet services to consumers by representing that there is "no contract."

26    9.    Defendants recommend their Internet speed plans based on the number of Internet-

27    capable devices a residential consumer may connect to the Internet and the types of Internet activities

28    are performed. The more devices a consumer may connect to the Internet and the more types of activities

1    a residential consumer may perform, the higher the Internet speeds Defendants recommend and try to

2    sell to consumers. For example, if a residential consumer may connect up to seven devices (e.g., four

3    smartphones, two tablets, and a laptop computer) and stream videos or conduct video conference calls

4    for work, Defendants recommend the "Ultimate" Internet plan that promises 300 mpbs will satisfy the

5    consumer's Internet needs.

6         10.    Defendants' advertisements and related statements typically, but not always, identify an

7    "up to" speed. Defendants then strongly suggest that consumers can expect to consistently achieve the

8    advertised "up to" speeds on all of their Internet-capable devices by describing the performance of the

9    Internet services as "fast," "blazing-fast," and "reliable" so that consumers will "always have access"

10   to the Internet throughout their homes. Defendants emphasize the wireless capabilities of their Internet

11   services and use advertisements that feature handheld devices such as smartphones, tablets, and laptop

12   computers using WiFi to connect to the Internet. Defendants reinforce consumers' impressions of

13   Defendants' Internet services by telling consumers they need higher speeds to connect multiple devices

14   or perform certain online activities, and Defendants then recommend a more expensive package that

15   they say is designed to meet the consumers' needs.

16        11.    Defendants know their advertisements and related statements are false and misleading,

17   and they know they are omitting material information from their representations that would impact

18   consumers' evaluations and purchasing decisions. Defendants know that no consumers will *reliably*

19   *achieve* the "up to" speeds they are promised, and that most consumers will *never achieve* the "up to"

20   speeds. Defendants know most consumers will not even approach speeds near the "up to" speed. This

21   is because Defendants' "up to" speeds are based on the maximum potential for <u>wired</u> Internet

22   connections used in an environment that is very different from how consumers typically use residential

23   Internet services.

24        12.    Defendants intentionally do not disclose in their advertisements that only a limited subset

25   of consumers who use <u>wired</u> connections under specific conditions will ever achieve the "up to" speeds.

26   Defendants also intentionally do not disclose that their <u>wireless</u> services are functionally incapable of

27   providing the "up to" speeds to consumers, and that any consumers who are using a wireless device

28

CLASS ACTION COMPLAINT

1  (e.g., smartphone, tablet, laptop computer) will never come close to achieving the "up to" speeds under
2  any conditions and will typically top-out at less than half of the promised Internet speeds.

3      13.    Defendants' advertisements never tell consumers who do not own any wired equipment
4  (e.g., a desktop computer directly connected to a modem/router via an Ethernet cable), or consumers
5  who own devices that may be capable of being wired but are used as wireless devices (e.g., a laptop
6  computer or smart television), that they will never achieve the "up to" speeds under any conditions. This
7  is true no matter how many wireless devices are connected, how such devices are used, or when the
8  speeds are tested (e.g., outside of peak hours).

9      14.    Defendants intentionally recommend high speed, high price plans and tout the "up to"
10 speeds. Defendants promise reliable performance that will meet the consumers' needs. Defendants
11 direct their advertisements primarily to consumers who use handheld devices and wireless Internet
12 connections. Yet, based on Defendants' insufficient infrastructure, overcrowded bandwidth, and
13 underperforming equipment, Defendants know such consumers will rarely, if ever, achieve the Internet
14 speeds they are paying for. Even with this knowledge, Defendants intentionally do not change their
15 advertisements and related statements and continue to omit material information.

16      15.    As a consumer who purchases residential Internet services from Defendants, Plaintiff has
17 relied on Defendants' promises that he is not entering into a contract by purchasing their services and
18 that he will reliably achieve higher Internet speeds at or near the "up to" speed on all of his and his
19 family's devices. Plaintiff has never achieved at or near the "up to" speed he pays for using wireless
20 devices, however, and he has rarely, if ever, achieved the "up to" speed he pays for using wired
21 equipment. Plaintiff pays a premium over what he would otherwise pay for Defendants' services based
22 on the reasonable expectation that he would consistently receive Defendants' advertised Internet speeds
23 and reliability and would not be bound by contract terms.

24                              **CLASS ACTION ALLEGATIONS**

25      16.    Plaintiff brings this action as a class action under Cal. Code Civ. Proc. § 382 on behalf
26 of all consumers in California who paid for Defendants' residential Internet services within four years
27 from the date this action was filed.

28

17.     The members of the class are so numerous that joinder of all class members is impracticable. Plaintiff estimates that there are at least tens of thousands of putative class members.

18.     Plaintiff reserves the right to amend the following class definition, and propose appropriate subclasses, before the Court determines whether class certification is appropriate, or thereafter upon leave of Court:

## Proposed Class

All individual consumers in California who purchased Defendants' residential Internet services during the relevant time period.

19.     Excluded from the proposed class are Defendants and their parents, subsidiaries, affiliates, officers, directors, and current and former employees; all consumers who make a timely election to be excluded from this proceeding using the correct opt-out protocol; any and all federal, state, or local governments; and all judges assigned to hear any aspect of this litigation and their immediate family members.

20.     Common questions of law and fact exist include, but are not limited to:

a.      whether Defendants made false, misleading, deceptive, untrue, or unfair statements in their advertisements related to residential Internet speeds and reliability;

b.      whether Defendants omitted material information from their advertisements and related statements related to residential Internet speeds and reliability;

c.      whether Defendants advertised "no contract" services but still sought to impose contracts on consumers;

d.      whether Defendants properly disclosed that their network, infrastructure, and/or equipment was incapable of consistently supporting the promised Internet speeds and reliability; and

e.      whether Defendants' conduct was knowing and intentional.

21.     Plaintiff is a member of the proposed class he seeks to represent and Plaintiff suffered harm and damages as a result of Defendants' conduct alleged herein.

22.     Plaintiff's claims are typical of the claims of other class members and Plaintiff has the same interests as the other members of the class.

23.     Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff has retained able counsel experienced in complex and consumer class action litigation. Plaintiff's interests are not antagonistic to the interests of other class members.

24.     The questions of fact and law common to Plaintiff and members of the class and subclasses predominate over any questions affecting only individual members.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the class members to individually redress the wrongs committed against them.

26.     The class and appropriate subclasses are readily definable and ascertainable based on Defendants' records, and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## CAUSES OF ACTION

### Count One

#### Common Law Fraud and Misrepresentation

27.     Plaintiff incorporates all prior paragraphs.

28.     Defendants have represented and continue to represent in their advertisements and related statements in print, online, and on television, among other places, that:

a.     Consumers can achieve speeds of 30 mbps, 100 mbps, 150 mpbs, 300 mpbs, and 1000 mbps, and similar advertised Internet speeds;

b.     Consumers will receive speeds that are "fast," "blazing fast," and "reliable" based on Internet performance that would ensure consumers "always have access" throughout their homes;

c.     Defendants' promised Internet speeds would let consumers connect multiple devices at the same time and engage in numerous Internet activities, including but not limited to

7

CLASS ACTION COMPLAINT

1               video streaming, without sacrificing performance; and

2          d.     Consumers could purchase Defendants' Internet services with "no contract."

3          29.    Defendants' representations were and continue to be false and misleading. Defendants

4  knew or should have known that their representations were false and misleading based on Defendants'

5  knowledge of their network, infrastructure, and equipment capabilities and the differences between

6  wired and wireless Internet connections.

7          30.    Defendants made such representations, omitted material information from such

8  representations, and continue to make such representations and omissions, with the express intention of

9  inducing Plaintiff and similarly situated consumers to rely on such representations and take action based

10  thereon. Specifically, Defendants intended Plaintiff and similarly situated consumers to purchase

11  Defendants' Internet services.

12        31.    Plaintiff and similarly situated consumers relied on and took action based on Defendants'

13  false and misleading representations and material omissions, including by purchasing Defendants'

14  Internet services and paying a premium for Defendants' Internet services. Plaintiff and other consumers

15  continue to rely on Defendants' false and misleading representations and material omissions and

16  continue to pay for services which Defendants are not providing. Plaintiff and similarly situated

17  consumers would not have taken such action had they not believed Defendants' false and misleading

18  representations and material omissions, and would not continue to pay for these services at all or at the

19  same price if the truth were disclosed.

20        32.    Plaintiff and similarly situated consumers suffered harm as a direct result of their reliance

21  on Respondents' false and misleading representations and material omissions, and will continue to

22  suffer harm in the future. Plaintiff, individually and on behalf of all similarly situated consumers in

23  California, seeks: individual, representative, and public injunctive relief requiring Defendants to cease

24  and correct all false and misleading representations and material omissions concerning Internet speeds

25  and reliability and "no contract" offers; actual damages; punitive damages to punish and deter

26  Defendants' wrongful conduct; and costs and attorneys' fees under Cal. Civ. Code § 1021.5.

27

28

CLASS ACTION COMPLAINT

**Count Two**

**Violation of False Advertising Law, Cal Bus. & Prof. Code § 17500 *et seq.***

33.     Plaintiff incorporates all prior paragraphs.

34.     Defendants have intentionally made and disseminated statements and have included material omissions, and they continue to make such statements and omissions, to Plaintiff, Class members, and the general public concerning Defendants' Internet services, as well as circumstances and facts connected to such services, which are untrue and misleading, and which are known (or which by the exercise of reasonable care should be known) to be untrue or misleading. Defendants have also intentionally made or disseminated such untrue or misleading statements and have included material omissions, and they continue to make such statements and omissions, to Plaintiff, Class members, and the public as part of a plan or scheme with intent not to sell those services as advertised, and they continue to engage in that plan or scheme.

35.     Defendants' untrue and misleading statements include but are not limited to:

a.      Consumers can achieve speeds of 30 mbps, 100 mbps, 150 mpbs, 300 mpbs, and 1000 mbps, and similar advertised Internet speeds;

b.      Consumers will receive speeds that are "fast," "blazing fast," and "reliable" based on Internet performance that would ensure consumers "always have access" throughout their homes;

c.      Defendants' promised Internet speeds would let consumers connect multiple devices at the same time and engage in numerous Internet activities, including but not limited to video streaming, without sacrificing performance; and

d.      Consumers could purchase Defendants' Internet services with "no contract."

36.     Defendants made these statements and substantially similar ones willfully and intentionally, knowing they were false and misleading, and they continue to make these and substantially similar false and misleading statements willfully and intentionally. Defendants knew or should have known that their statements were false and misleading based on Defendants' knowledge of their network, infrastructure, and equipment capabilities and the differences between wired and wireless Internet connections.

9

CLASS ACTION COMPLAINT

37.     Each of these statements and omissions, and substantially similar statements and omissions, constitute false and deceptive advertisements under the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"). Plaintiff and similarly situated consumers were deceived and continue be deceived by Defendants' statements and omissions, and there is a strong probability that Class members and members of the public were also or are likely to be deceived as well. Any reasonable consumer would be misled by Defendants' false and misleading statements and material omissions.

38.     Plaintiff and similarly situated consumers relied on and took action based on Defendants' false and misleading statements and material omissions, including by purchasing Defendants' Internet services and paying a premium for Defendants' Internet services. Plaintiff and other consumers continue to rely on Defendants' false and misleading statements and material omissions and continue to pay for services which Defendants are not providing. Plaintiff and similarly situated consumers would not have taken such action had they not believed Defendants' false and misleading statements and material omissions, and would not continue to pay for these services at all or at the same price if the truth were disclosed.

39.     Plaintiff and similarly situated consumers lost money or property as a direct result of their reliance on Respondents' false and misleading statements and omissions, and will continue to suffer the same or similar harm in the future. Plaintiff, individually and on behalf of all similarly situated consumers, seeks individual, representative, and public injunctive relief requiring Defendants to cease and correct all false and misleading statements and material omissions concerning Internet speeds and reliability and "no contract" offers; restitution that will restore the full amount of their money or property; disgorgement of Defendants' relevant profits and proceeds; and reasonable costs and attorneys' fees under Cal. Civ. Code § 1021.5.

### Count Three

### Violation of Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

40.     Plaintiff incorporates all prior paragraphs.

41.     Defendants have engaged in unfair and deceptive acts and practices that constitute false and misleading advertising under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"). Defendants' unlawful acts and practices include but are not limited to:

a.   Representations that Defendants would provide Internet services where consumers can achieve speeds of 30 mbps, 100 mbps, 150 mpbs, 300 mpbs, and 1000 mbps, and similar advertised Internet speeds;

b.   Representations that the Internet speeds consumers will receive are "fast," "blazing fast," and "reliable" based on Internet performance that would ensure consumers "always have access" throughout their homes;

c.   Representations that Defendants' promised Internet speeds would let consumers connect multiple devices at the same time and engage in numerous Internet activities, including but not limited to video streaming, without sacrificing performance; and

d.   Representations that consumers could purchase Defendants' Internet services with "no contract."

42.   Each of Defendants' representations and substantially similar representations constitute false and misleading advertising and violate the CLRA by:

a.   Representing that their Internet services have characteristics, uses, and benefits which they do not have, in violation of Section 1770(a)(5);

b.   Representing that their Internet services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another, in violation of Section 1770(a)(7);

c.   Advertising their Internet services with intent not to sell them as advertised, in violation of Section 1770(a)(9);

d.   Representing that a transaction with them confers or involves rights, remedies, or obligations which it does not have or involve, in violation of Section 1770(a)(14); and

e.   Representing that the subject of a transaction with them has been supplied in accordance with a previous representation when it has not, in violation of Section 1770(a)(16.

43.   Defendants' acts and practices were knowing and intentional.

44.   Plaintiff and similarly situated consumers relied on these and substantially similar representations and material omissions to their detriment, including by purchasing Defendants' Internet services but not receiving speeds, reliability, and terms they were promised, and by paying more for

1   Defendants' Internet services than they would have had Defendants' advertisements, representations,

2   and terms been truthful, accurate, and complete.

3        45.     Under Sections 1780 and 1781 of the CLRA, Plaintiff, individually and on behalf of all

4   similarly situated consumers, seeks individual, representative, and public injunctive relief requiring

5   Defendants to cease and correct all of their unlawful methods, acts, and practices; restitution that will

6   restore the full amount of their money or property; disgorgement of Defendants' relevant profits and

7   proceeds; and reasonable costs and attorneys' fees.

8        46.     Concurrently with the filing of this action, Plaintiff has filed an affidavit in support of

9   this action stating facts showing that the action has been commenced in a county or judicial district that

10  constitutes a proper place for the trial of this action. *See* Exhibit 1.

11                                **Count Four**

12     **Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

13       47.     Plaintiff incorporates all prior paragraphs.

14       48.     Defendants have engaged in unlawful, unfair, and fraudulent business acts and practices,

15  and unfair, deceptive, untrue, and misleading advertising that constitutes false and misleading

16  advertising under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

17       49.     Defendants are each a "person" under Section 17021.

18       50.     Defendants' acts, practices, and advertisements that violate the UCL include but are not

19  limited to:

20       a.     Making representations that Defendants would provide Internet services where

21              consumers can achieve speeds of 30 mbps, 100 mbps, 150 mpbs, 300 mpbs, and 1000

22              mbps, and similar advertised Internet speeds;

23       b.     Making representations that the Internet speeds consumers will receive are "fast,"

24              "blazing fast," and "reliable" based on Internet performance that would ensure

25              consumers "always have access" throughout their homes;

26       c.     Making representations that Defendants' promised Internet speeds would let consumers

27              connect multiple devices at the same time and engage in numerous Internet activities,

28              including but not limited to video streaming, without sacrificing performance; and

CLASS ACTION COMPLAINT

1        d.      Making representations that consumers could purchase Defendants' Internet services

2             with "no contract."

3       51.    Each of these representations and substantially similar representations are unlawful,

4 unfair, fraudulent, deceptive, and untrue and violate the UCL. Each of these representations and

5 substantially similar representations are further unlawful, fraudulent, deceptive, and untrue because

6 Defendants intentionally omitted material information within its knowledge concerning the Internet

7 speeds and reliability and terms underlying its services.

8       52.    Defendants took these acts and practices and made their representations and omissions

9 knowingly and intentionally, intending that Plaintiff and other consumers would rely on them and take

10 action.

11      53.    Plaintiff and similarly situated consumers relied on and took action based on Defendants'

12 unlawful, unfair, fraudulent, deceptive, and untrue acts, practices, and advertisements and related

13 representations and omissions and suffered actual harm and lost money or property as a result, including

14 by purchasing Defendants' Internet services and paying a premium for Defendants' Internet services.

15 Plaintiff and other consumers continue to rely on Defendants' unlawful, unfair, fraudulent, deceptive,

16 and untrue acts, practices, and advertisements and related representations and omissions by continuing

17 to pay for services which Defendants are not providing, hoping Defendants' services will fulfill their

18 promises. Plaintiff and similarly situated consumers would not have taken such action had they not

19 believed Defendants' false and misleading statements and material omissions, and would not continue

20 to pay for these services at all or at the same price if the truth were disclosed.

21      54.    Defendants' actions described above constitute common law fraud and violate the FAL

22 and CLRA and are therefore unlawful under the UCL.

23      55.    As a result of Defendants' unlawful and unfair acts and practices, they have reaped and

24 continue to reap unfair benefits and illegal profits at the expense of Plaintiff and other nonexempt

25 employees.

26      56.    Plaintiff, individually and on behalf of similarly situated consumers, seeks individual,

27 representative, and public injunctive and declaratory relief requiring Defendants to cease and correct all

28 of their unlawful acts, practices, and advertisements; restitution that will restore the full amount of their

money or property; disgorgement of Defendants' relevant profits and proceeds; and reasonable costs and attorneys' fees under Cal. Civ. Code § 1021.5.

### Count Five

#### Restitution and Unjust Enrichment

57.     Plaintiff incorporates all prior paragraphs.

58.     Alternatively to the claims stated above, Plaintiff and similarly situated consumers are equitably entitled to recover from Defendants based on Defendants' inequitable and deceptive acts and practices that included falsely advertising their Internet services.

59.     Plaintiff and similarly situated consumers conferred specific economic benefits upon Defendants in the form of payments for Internet services that were not actually provided. Defendants knowingly accepted and retained such benefits but failed to provide the services as advertised and required by law. Plaintiff and similarly situated consumers reasonably expected to receive services as advertised and not be subjected to Defendants' unlawful and inequitable practices.

60.     Defendants were unjustly enriched by the benefits in the amounts of the payments they received from Plaintiff's and similarly situated consumers in exchange for Internet services the consumers did not receive and Defendants did not provide. It would be unjust and unconscionable to permit Defendants to be so enriched and continue to be enriched in the future.

61.     Defendants should be required to disgorge all amounts that they have been unjustly enriched, and Plaintiff and similarly situated consumers should recover such amounts, with interest, as restitution.

62.     Plaintiff, individually and on behalf of all class members similarly situated, seek individual, representative, and public injunctive relief and any other necessary orders or judgments that will prevent Defendants' unlawful and inequitable conduct from continuing; restitution that restores the full amount of their money or property; disgorgement of Defendants' related profits and proceeds; and reasonable costs and attorneys' fees under Cal. Civ. Code § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated consumers in California, prays for the following relief:

A. Certification of this action as a class action;

B. Designation of Plaintiff as a class representative and counsel for Plaintiff as class counsel;

C. An award of actual and punitive damages;

D. Individual, representative, and public equitable, injunctive, and declaratory relief to remedy Defendants' violations of California law, including but not limited to an order enjoining Defendants from continuing their unlawful and unfair business practices and advertisements;

E. Restitution and disgorgement;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Reasonable costs and attorneys' fees; and

H. Such additional and further relief as this Court may deem just and proper.

Dated: May 9, 2018                            SODERSTROM LAW PC

                                              By: */s/ Jamin S. Soderstrom*

                                              *Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all issues triable by jury.

Dated: May 9, 2018                    SODERSTROM LAW PC

By: */s/ Jamin S. Soderstrom*

*Counsel for Plaintiff and the Proposed Class*

16

CLASS ACTION COMPLAINT

# EXHIBIT 1

Exhibit 1 Page 17

Jamin S. Soderstrom, Bar No. 261054
SODERSTROM LAW PC
3 Park Plaza, Suite 100
Irvine, California 92614
Tel:   (949) 667-4700
Fax:   (949) 424-8091
jamin@soderstromlawfirm.com

*Counsel for Plaintiff and the Proposed Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE

| | |
|---|---|
| DAVID EHRMAN, individually and on behalf of all others similarly situated, | Case Number: _____ |
| Plaintiff, | VENUE AFFIDAVIT OF PLAINTIFF DAVID EHRMAN |
| v. | |
| COX COMMUNICATIONS, INC. and DOES 1 through 25, | |
| Defendants. | |

1

**VENUE AFFIDAVIT**

Exhibit 1 Page 18

1    I, DAVID EHRMAN, declare as follows:

2    1.    I am over the age of 18. The facts set forth in this Venue Affidavit are based

3    upon my own personal knowledge and, if called as a witness, I could and would

4    competently testify to the facts set forth herein.

5    2.    I am, and have at all times relevant to this lawsuit been, a resident of Orange

6    County, California.

7    3.    For years, continuing to the present day, I have purchased Internet services

8    from Cox Communications, Inc. and/or one of its affiliates. I viewed advertisements

9    related to these Internet services, made my purchase decisions, and received Internet

10   services at my home in Orange County, California. These advertisements, disclosures, and

11   Internet services are the subject of my claims against Cox Communications, Inc. and its

12   affiliates in this lawsuit.

13

14   I declare under penalty of perjury under the laws of the United States of America

15   and the State of California that the foregoing is true and correct. This declaration was

16   executed on May  7  , 2018 at Aliso Viejo, California.

17

18                          By:

19                               David Ehrman

20                               Plaintiff

21

22

23

24

25

26

27

28

2
VENUE AFFIDAVIT

Exhibit 1 Page 19