UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01125 JVS (DFMx) | Date | December 13, 2018 |
| Title | David Ehrman v. Cox Communications, Inc. et al | | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | No Appearance |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Granting Plaintiff's Motion to Remand to Orange County Superior Court [11] and
Denying as Moot Defendant's Motion to Compel Arbitration [15] and Motion to Dismiss [16]

Plaintiff David Ehrman ("Ehrman") filed this action in Orange County Superior Court on May 9, 2018. (Not., Docket No. 1-1, Ex. A.) Defendant Cox Communications, Inc. ("Cox") filed a Notice of Removal on June 22, 2018. The Court has two motions before it.[1]

First, Ehrman filed a motion to remand the case to Orange County Superior Court. (Mot., Docket No. 12.) Cox filed an opposition. (Opp'n, Docket No. 18.) Ehrman replied. (Reply, Docket No. 22.) Cox also included a Notice of Recent Decision to which Ehrman responded. (Not., Docket No. 29; Response, Docket No. 34.)

Second, Cox filed a motion to compel arbitration. (Mot., Docket No. 15.) Ehrman filed an opposition. (Opp'n, Docket No. 19.) Cox replied. (Reply, Docket No. 23.)

For the following reasons, the Court **grants** Ehrman's motion to remand and denies as moot Cox's motion to compel arbitration.

**I. BACKGROUND**

---

[1] Cox also filed an alternative motion to dismiss in the even that the motion to compel arbitration was denied. (Mot., Docket No. 16.) On August 10, 2018, Ehrman filed a second amended complaint. (SAC, Docket No. 17.) Thus, the Court need not reach the merits of the motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-01125 JVS (DFMx)    Date  December 13, 2018

Title  David Ehrman v. Cox Communications, Inc. et al

    This putative class action arises from Cox's provision of Internet services to Ehrman and other consumers in California. (Not., Docket No. 1-5, ¶ 4.) Ehrman is a resident of California who alleges that Cox, a citizen of Delaware and Georgia, offers consumers a variety of high-speed plans, charging prices based on different "tiers" of Internet connection speed. (Id. ¶¶ 3, 8; Not., Docket No. 1 ¶ 14.) Cox's advertisements allegedly typically identify an Internet connection speed up to that which a subscriber may expect to receive service. (Not., Docket No. 1-5 ¶ 10.) Ehrman alleges that Cox misled him and other similarly-situated consumers by promising to deliver residential Internet service at speeds that consumers could rarely—if ever–-achieve. (Id. ¶ 7.)

    Ehrman pleads claims for fraud, violation of the False Advertising Law ("FLA") (Cal. Bus. & Prof. Code § 17500 et seq.), violation of the Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 et seq.), violation of the Unfair Competition Law ("UCL") (Cal. Bus & Prof. Code § 17200 et seq.), restitution, and unjust enrichment. (Not., Docket No. 1-1, Ex. A ¶¶ 27-62.) Ehrman brings these claims on behalf of himself and a purported class of consumers in California who paid for Defendants' residential Internet services within four years from May 9, 2018, the day this action was filed. (Id. ¶ 16.) After filing the present suit, Ehrman attempted to opt-out of the arbitration provision. (Ehrman Decl., ¶ 9, Ex. 4.)

    Cox's Notice of Removal identified two bases for removal to federal court: (1) diversity jurisdiction and (2) jurisdiction under the Class Action Fairness Act ("CAFA"). (Not., Docket No. 1 at 2.)

## II. Legal Standard

### A.  Remand

    Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should generally "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-01125 JVS (DFMx)      Date   December 13, 2018

Title       David Ehrman v. Cox Communications, Inc. et al

Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). CAFA provides district courts with original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

**B.   Compelling Arbitration**

The FAA creates a "national policy favoring arbitration." Nitro-Lift Techs, LLC v. Howard, 568 U.S. 17, 20 (2012). "The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) citing Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989). The FAA states that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985).

### III. DISCUSSION

**A.   Motion to Remand**

Ehrman filed a motion to remand arguing that Cox's removal was improper for three reasons. First, Ehrman states that Cox's removal papers fail to establish any facts showing that diversity of citizenship exists among the parties. (Mot., Docket No. 12 at 1.) Second, Ehrman contends that even if the removal papers set forth a prima facie case

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-01125 JVS (DFMx)                              Date  December 13, 2018

Title  David Ehrman v. Cox Communications, Inc. et al

that diversity existed at some point in time, Cox failed to establish that it existed on May 9, 2018 or June 22, 2018, the dates on which the Complaint and the Notice of Removal were filed respectively. (Id. at 3.) Third, Ehrman argues that the removal papers do not show that Ehrman's individual claims placed the amount in controversy above $75,000. (Id.)

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kanto v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). While Ehrman's Complaint states that he is a resident of California, Ehrman disputes that Cox can remove the case on the basis of diversity because residency and citizenship are not the same. (Mot., Docket No. 12 at 5.)

Ehrman accepts for purposes of the motion for remand that (1) Cox is a citizen of Georgia, where it has its principal place of business, and Delaware, where it is incorporated; (2) there are over 800,000 members of the proposed class; and (3) that tens of millions of dollars are in controversy. (Mot., Docket No. 12 at 7–8; Not., Docket No. 1 ¶ 14.) Thus, the only issue is whether Plaintiff or other putative class members are citizens of California (or any other state other than Georgia and Delaware) such that minimal diversity exists. (Mot., Docket No. 12 at 8.) The Notice of Removal states:

> As admitted in the Complaint, Plaintiff is a resident of California. Defendant is informed and believes, and on that basis alleges, that Plaintiff is a citizen of the state in which he resides, as alleged in the Complaint.

(Not., Docket No. 1 ¶ 12.)

Ehrman argues that since an individual is not automatically domiciled in the location where he resides, Cox has not met its burden of establishing that Ehrman is a citizen of both the United States and California such that minimal diversity exists between the parties. (Mot., Docket No. 12 at 8.) See Paris v. Michael Aram, Inc., 2018 WL 501560, at *1–*2 (C.D. Cal. Jan 22, 2018) (finding that diversity was not established when notice of removal simply alleged that plaintiff was residing and working in California during the relevant time period). Similarly, Ehrman indicates that the Notice of Removal failed to identify any consumer within the class who was a citizen of a state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-01125 JVS (DFMx)　　　　Date　December 13, 2018

Title　David Ehrman v. Cox Communications, Inc. et al

other than Georgia and Delaware on the relevant dates in question. (Mot., Docket No. 12 at 10.) Ehrman urges the Court not to allow Cox to "guess its way into federal court" through a "remove first, inquire later" approach. (Reply, Docket No 22 at 1–2.) Rather, Ehrman suggests that Cox could have taken jurisdictional discovery in state court or conducted an investigation into the jurisdictional facts before removing the case in order to meet the low burden of establishing that at least one putative class member is diverse from Cox. (Id. at 3.)

Ehrman cites Harris v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005) for the proposition that the thirty-day removal clock does not begin ticking based simply on an allegation of the plaintiff's *residence* because such an allegation does not reveal whether diversity of *citizenship* exists. (Reply, Docket No. 22 at 2.) In Harris, the Ninth Circuit decided the question of whether "the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination be limited to the face of the initial pleading." 425 F.3d at 693. There, the plaintiff's state court complaint alleged the plaintiff's past residence—not his current citizenship. Id. The court stated:

> We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

Id. at 694 (citing 28 U.S.C. § 1446(b)). Applying this standard, the court distinguished between the residence pleaded in the complaint and citizenship, determining that the initial complaint did not trigger removability. Id. at 695. In so holding, the Ninth Circuit emphasized, "If we were to flip the burden and interpret the first paragraph of 28 U.S.C. § 1446(b) (the first thirty-day window) to apply to all initial pleadings unless they clearly

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-01125 JVS (DFMx)  Date  December 13, 2018

Title  David Ehrman v. Cox Communications, Inc. et al

reveal that the case is not removable, defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days of receiving the initial pleading." Id. at 694.

At oral argument, counsel for Ehrman urged the court not to find that the initial complaint's allegation of Ehrman's California residence is synonymous with United States and California citizenship because a rebuttable residency-domicile presumption would have the effect of burdening many defendants who would be forced to scramble to remove within thirty days of receiving the initial pleading. He further emphasized that finding a rebuttable presumption of citizenship based on residence here would effectively create two separate standards for examining pleadings as they relate to removability based on diversity of citizenship for CAFA cases and non-CAFA cases.

Cox instead urges the Court to find that removal is proper because Ehrman alleged his own residence and "home" in California such that there is sufficient evidence to deem him a citizen of California. (Opp'n, Docket No. 18 at 1.) Ehrman alleges that he and his family use the Internet service in California, his Venue Affidavit submitted with the Complaint states: "For years, continuing to the present day, I have purchased Internet Services from Cox . . . . and received Internet services at my home in Orange County, California," and a number of Ehrman's bills establish that he received Cox services at the same California address from 2015-2018. (Not., Docket No. 1-1 at 20 ¶3; Wilson Decl., Docket Nos. 15-6, 15-7, 15-9, 15-10, 15-12, 15-14. ) Cox indicates that in the absence of evidence to the contrary, Ehrman should be treated as a citizen of his state of residence for federal diversity purposes, particularly in light of the extensive billing records that show Ehrman has received Internet services at the California address he considers "home" for years. (Opp'n, Docket No. 18 at 9.) See NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016) ("[T]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.") (citing Anderson v. Watts, 138 U.S. 694, 706 (1891)); Zavala v. Deutsche Bank Tr. Co. Americas, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("[T]he complaint indicates that [plaintiff] resides in California. A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.") (citing State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir.1994)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-01125 JVS (DFMx)  Date  December 13, 2018

Title  David Ehrman v. Cox Communications, Inc. et al

Cox acknowledges that courts are split as to whether residence can establish domicile or citizenship.  "While the Ninth Circuit has not squarely addressed the issue of whether residence equates to domicile, other courts have treated a person's residence as prima facie evidence of his domicile."  Ervin v. Ballard Marine Constr., Inc., No. 16-CV-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016).  The Ninth Circuit has stated that it rejects the Seventh Circuit's position that "evidence of residency can never establish citizenship."  Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013).  Nonetheless, the Ninth Circuit also instructs, "A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California."  King v. Great American Chicken Corp., Inc., 903 F.3d 875, 879 (2018).  See Mondragon, 736 F.3d at 884 ("That a purchaser may have a residential address in California does *not* mean that person is a citizen of California.") (emphasis added).

In Mondragon, the Ninth Circuit examined whether a plaintiff seeking remand based on the "local controversy exception" of CAFA met his evidentiary burden to prove the exception applied.  Id. at 883.  The court rejected the plaintiff's argument that allegations that a class of people with residential addresses in California—without more—provided a proper inference of domicile in California for more than two-thirds of the class such that the local controversy exception would apply.  Id. at 881–82.  The court acknowledged that their "holding may result in some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face" because it appeared likely that the vast majority of a class of consumers who purchased and registered cars in California were California citizens.  Id. at 883–84.  Despite this potential for inefficiency, the Ninth Circuit asserted that "[a] jurisdictional finding of fact should be based on more than guesswork," even if that guesswork may be "sensible."  Id. at 884.  See King 903 F.3d at 880 (rejecting a reasonable impression that greater than two-thirds of employees with last-known residences in California identified as class members were California citizens because in the absence of evidence to support that factual finding, the impression was based on "guesswork").

Ehrman contends that since the Ninth Circuit was unwilling to adopt the residency-domicile presumption for purposes of a CAFA exception, which involves an *evidentiary* burden, it would be even less willing to adopt such that rebuttable presumption with respect to a CAFA removal, which involves a *jurisdictional* question.  (Reply, Docket

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01125 JVS (DFMx) | Date | December 13, 2018 |
|---|---|---|---|
| Title | David Ehrman v. Cox Communications, Inc. et al | | |

No. 22 at 8.) Cf. Mason v. Lockwood, Andrews & Newnam, P.C., 842 F.3d 383, 392–93 (6th Cir. 2016), cert. denied sub nom. Lockwood, Andrews & Newman, P.C. v. Mason, 137 S. Ct. 2242, 198 L. Ed. 2d 678 (2017) (finding the residency-domicile presumption appropriate in the non-jurisdictional context of remand for CAFA local controversy exception, but not in the context of diversity jurisdiction removals because removal relates to federal courts' limited jurisdiction).

Cox has provided the Court with a Notice of Recent Decision regarding Jimenez v. Charter Commc'ns Inc., No. CV186480DOCRAOX, 2018 WL 5118492 (C.D. Cal. Oct. 19, 2018), which Ehrman agrees "concern[s] the same issues regarding jurisdiction and remand," and which reaches a contrary result.[2] (Not., Docket No. 29; Response, Docket No. 34.) In Jimenez, which contained nearly identical factual allegations in the underlying complaint, the court stated:

> The Court adopts this position [that a person's residence is prima facie evidence of the person's domicile] where, as here, Plaintiff has admitted she is a California resident and is bringing claims on behalf of a putative class of California consumers. In the absence of evidence to the contrary, Plaintiff is considered a citizen of California for federal diversity purposes. Accordingly, based on Plaintiff's own admissions, Defendants properly removed the class action under CAFA.

Id. at *8–*9. Ehrman disputes this outcome, stating that "Ehrman has no obligation to admit or deny facts in connection with a facial attack on Cox's inadequate removal pleading" and indicating that a rebuttable presumption of continuing domicile should only come into play after the domicile has *already* been definitively established. (Reply, Docket No. 22 at 6.) See Mondragon, 736 F.3d at 885.

The court in Jimenez cites Harris for the proposition that there is a general presumption against removal. 2018 WL 5118492 at *2 (citing Harris, 425 F.3d at 698).

---

[2] Ehrman's response to the Notice of Recent Decision informs the Court that plaintiffs in Jimenez have filed a petition to appeal with the Ninth Circuit, which currently remains pending. (Response, Docket No. 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01125 JVS (DFMx) | Date | December 13, 2018 |
| Title | David Ehrman v. Cox Communications, Inc. et al | | |

The decision then states that this anti-removal presumption does not apply in CAFA cases. Id. (citing Dart, 135 S. Ct. at 554). While the Jimenez court does not further discuss Harris, the citation suggests that perhaps courts should not be concerned about creating separate standards for removal for CAFA and non-CAFA cases since differing presumptions already exist. In the absence of instruction from the Ninth Circuit, however, this Court declines to find that the complaint alone created a rebuttable residency-domicile presumption of removability. While both parties at oral argument acknowledged the likelihood minimal diversity exists in this case—even going so far as to consider it "inconceivable" that there would not be diversity between the parties—the Court finds that Cox's reliance on the residency allegation in the complaint still amounted to mere sensible guesswork such that it is insufficient for establishing minimal diversity. Although Cox has a low burden of proving that just one of the putative class members is a citizen of a state other than Delaware or Georgia, it is nonetheless a burden that has not been met. Accordingly, the Court **grants** Ehrman's motion to remand.

**B.     Motion to Compel Arbitration**

Because the Court grants the motion to remand, the Court **denies** as moot the motion to compel arbitration.

### IV.  CONCLUSION

For the foregoing reasons, the Court **grants** Ehrman's motion to remand for lack of subject matter jurisdiction and denies as moot Cox's motion to compel arbitration.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |